**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
AMERICAN FOREST RESOURCE      :
COUNCIL, et al.,              :
                              :
        Plaintiffs,            :
                              :
   v.                          :  Civil Action No. 94-1031 (JR)
                              :
JAMES CASWELL, Director, Bureau :
of Land Management, et al.,    :
                              :
        Defendants.            :
```

**MEMORANDUM**

Fifteen years ago, the American Forest Resource Council, a timber industry group, sued to challenge a Bureau of Land Management plan to manage a million acres of federal forests in the northwestern United States.  AFRC's position was that the plan unlawfully limited the harvesting of timber contemplated by the Oregon California Railroad and Coos Bay Wagon Road Grant Lands Act, 43 U.S.C. § 1181a, enacted in 1937.  After years of litigation, the parties signed a settlement agreement, one provision of which obligated the BLM to "revise the Resource Management Plans for its Coos Bay, Eugene, Lakeview, Medford, Roseburg and Salem Districts by December 31, 2008."  Dkt. #82 ex. A § 3.5.  The case was dismissed without prejudice, but, under the terms of the settlement, this court retained jurisdiction to consider any motion to enforce the agreement.  *Id*. § 4.3.

In October 2008 AFRC filed a motion to enforce, asserting in relevant part that the BLM has breached the

Agreement's implied covenant of good faith by promulgating the contemplated revised plan without initiating consultation with the U.S. Fish and Wildlife Service or the National Oceanic and Atmospheric Administration about the plan's impact on endangered or threatened species and their critical habitat.  *See*, Section 7(a)(2) of the Endangered Species Act (ESA), 16 U.S.C. § 1536 (a)(2).  Plaintiffs' theory is that this failure to consult will cause a federal court in the Ninth Circuit to enjoin the plan from taking effect, thereby depriving plaintiffs of the benefit of their bargain.  The parties agree that Ninth Circuit litigation regarding the alleged failure to consult is inevitable and imminent: three challenges to the BLM plan had already been filed when the instant motion was argued.[1]

Because there is no evidence of subjective bad faith, because the Agency's "no effect" determination is not facially invalid, and because any consulting duty may have been satisfied, plaintiff's theory of breach is too tenuous to support an enforcement order, especially when neither a direct challenge to the plan's validity nor the administrative record is before this court.  Plaintiffs' motion must therefore be denied.

---

[1] *Oregon Wild et al. v. Shepard, et al.*, Civil No. 3:09-00060-PK, (filed January 15, 2009);  *Pacific Rivers Council et al. v. Shepard, et al.*, Civil No. 3:09- 00058-ST (filed January 15, 2009); *Forest Service Employees for Environmental Ethics v. U.S. Fish and Wildlife Service, et al.*, Civil No. 6:09-06019-AA (filed January 22, 2009).

**Analysis**

Plaintiffs do not attempt to show that any of the recognized indicia of bad faith are present -- such as sharp dealings, a lack of diligence or slacking off, a desire to evade the spirit of the bargain, abuse of the power to specify terms, or acting in a way targeted to frustrate the other party's benefit or performance.  *See, North Star Alaska Housing Corp. v. U.S.*, 76 Fed.Cl. 158, 187-188 (Fed. Cl. 2007) (collecting cases); *See generally*, Restatement (Second) of Contracts § 205 (1981). Plaintiffs indeed concede that the defendants believe the revised plan will take effect and desire that it do so.  Instead, plaintiffs argue, it is <u>so likely</u> that the plan will be enjoined by a court in the Ninth Circuit that their "reasonable expectations . . . regarding the fruits of the contract" have been destroyed.  *Centex Corp. v. U.S.*, 395 F.3d 1283, 1305 (C.A. Fed. 2005).  The analogy offered at oral argument involved the construction of a house: the contract contains no provision obligating the contractor to obtain a building permit, and he does not, with the result that the owner cannot move into the house.  The contractor (plaintiffs argue) has breached the covenant of good faith.

Even if those facts make out a breach of the covenant of good faith, the analogy is unconvincing.  The contractor's omission was certain to prevent the house from being used.

Nothing is so certain here: the defendants have determined that the plan will have "no effect" on endangered or threatened species, Opp. at 13, and there is substantial Ninth Circuit authority that a "no effect" determination obviates the ESA's consultation requirement unless it is found to be an abuse of discretion. *See, Defenders of Wildlife v. Flowers*, 414 F.3d 1066, 1070-1071 (9th Cir. 2005); *Southwest Center for Biological Diversity v. U.S. Forest Service*, 100 F.3d 1443, 1447 (9th Cir. 1996); 51 Fed.Reg. 19926, 19949 (June 3, 1986) ("The Federal agency makes the final decision on whether consultation is required, and it likewise bears the risk of an erroneous decision."); 73 Fed. Reg. 76,272, 76,280-81 (Dec. 16, 2008) (to be codified at 50 C.F.R. § 402).

"[C[lear and convincing evidence" is necessary to show that the government did not act in good faith. *Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1239-40 (Fed. Cir. 2002). Plaintiffs have not made such a showing. Defendants have adopted a course of performance that is not facially defective. A thorough analysis of that performance may establish that there was no duty to consult, or that any duty to consult has been satisfied,[2] or that defendants have failed in their duty. That

---

[2] Even if ESA consultation duties were triggered, defendants may have satisfied them "informally" via ongoing communications with Fish and Wildlife and NOAA. *See*, 50 C.F.R. § 402.13.

analysis, however, is for the federal courts in the Ninth Circuit, and not for this court.[3]

\*   \*   \*

An appropriate order accompanies this memorandum.

JAMES ROBERTSON
United States District Judge

---

[3] Intervenor Association of Oregon & California Land Grant Counties cites to a recent case in which a panel of this Circuit found a challenge to an agency's declination to consult with the ESA not ripe because "[g]iven the multi-stage nature of" the challenged plan, the panel had to "consider any environmental effects of a leasing program on a stage-by-stage basis, and correspondingly evaluate ESA's obligations with respect to each particular stage of the program." *Center for Biological Diversity v. Department of Interior*, 563 F.3d 466, 483 (D.C. Cir. 2009). The law in the Ninth Circuit may point in a different direction. *See*, *Pacific Rivers Council v. Thomas,* 30 F.3d 1050 (9th Cir. 1994) (Land resource management plans "may affect" protected salmon listed after the plans' adoption "because the plans set forth criteria for harvesting resources within the salmon's habitat . . . ."). Regardless, sorting through the record to decide whether BLM's "no effect" determination was essentially a ripeness argument or was based more substantive analysis of the plan's impact, and/or whether the plan is specific enough to trigger consultation duties (as well as other similar questions) is exactly the kind of in-depth analysis that, as a matter of comity, should be left to the courts of the Ninth circuit.